**BAILEY DUQUETTE P.C.**
Hozaifa Y. Cassubhai, No. 147452017
111 Quimby Street, Suite 10
Westfield, NJ 07090
Tel. (908) 315-0253
hozaifa@baileyduquette.com

**RUBERTO, ISRAEL & WEINER, P.C.**
Bradley L. Croft, MA BBO #633347
(*pro hac vice* to be filed)
Roger L. Smerage, MA BBO #675388
(*pro hac vice* to be filed)
255 State Street, 7th Floor
Boston, MA 02109
Tel. (617) 742-4200
blc@riw.com
rls@riw.com

*Attorneys for Plaintiff Orient Turistik Magazacilik*
*San ve Tic LTD. STI*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ORIENT TURISTIK MAGAZACILIK SAN VE TIC LTD. STI, | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| AYTEK USA, INC. d/b/a AYTEK RUGS; ISTANBUL RUGS, LLC; UMIT KUCUKKARACA; MUSTAFA ASLANHAN; and JOHN DOES 1-10, | |
| Defendants. | |

Plaintiff Orient Turistik Magazacilik San ve Tic LTD. STI, by and through its undersigned

attorneys, alleges as follows:

## INTRODUCTION

1.      Plaintiff Orient Turistik Magazacilik San ve Tic LTD. STI ("Orient" or "Plaintiff")
brings this action against Defendants Aytek USA, Inc. d/b/a Aytek Rugs ("Aytek"), Istanbul Rugs,
LLC ("Istanbul"), Umit Kucukkaraca, Mustafa Aslanhan, and John Does 1-10 (all collectively,
"Defendants") for the purposes of (a) enjoining Defendants from engaging in an ongoing scam to
pass off Aytek's and Istanbul's lesser-quality rugs as Orient's superior quality, handmade carpets
to Orient's select customer base in the United States; (b) recovering actual, statutory, and multiple
damages, as well as disgorgement of any ill-gotten profits; and (c) enforcing a right to punitive
damages as punishment for Defendants' willful and malicious conduct and deterrence of any
similar future conduct.

## PARTIES

2.      Orient is a Turkish business, with an address of Nuruosmaniye Caddesi No. 68,
Fatih 34120, Istanbul, Turkey, that operates under the trade name Orient Handmade Carpets.

3.      Aytek is a corporation organized under the laws of the State of New Jersey with a
principal place of business located at 711 Rt. 17 North, Carlstadt, New Jersey 07072.

4.      Istanbul is a limited liability company organized under the laws of the State of
California with a principal place of business located at 1551 University Ave., Berkeley, California
94703.

5.      Kucukkaraca is an individual residing at Ferhatpaşa Mahallesi, 13, Sokak No5/5,
Ataşehir, Istanbul, Turkey, but who recently traveled within the United States (including New
Jersey) as part of the scam in question. Kucukkaraca is a former Orient employee.

6.      Aslanhan is an individual from Cappadocia, Turkey, who currently resides somewhere within the United States, and who recently traveled within the United States (including New Jersey) as part of the scam in question.

7.      John Does 1-10 are one or more currently unidentified individuals or entities participating in the ongoing scam to pass off lesser-quality rugs as Orient's superior quality, handmade carpets to Orient's select customer base in the United States.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this matter under the Lanham Act, 15 U.S.C. § 1121, the Defend Trade Secrets Act, 18 U.S.C. § 1836(b)(1), the Federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964(c), and under 28 U.S.C. §§ 1331 and 1338. Subject matter jurisdiction over Orient's related state and common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

9.      The Court has personal jurisdiction over Defendants because (a) at least Aytek, if not all Defendants, transacted business and committed tortious acts within and directed to this judicial district, (b) no other district has personal jurisdiction over all Defendants for the purposes of this action, (c) the exercise of jurisdiction satisfies the ends of justice, and (d) the claims arise from the same nucleus of facts conferring pendant jurisdiction.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Aytek resides in this judicial district and is subject to personal jurisdiction in this jurisdiction. Venue is also proper in this Court because a substantial part of the events giving rise to Orient's claims occurred in this judicial district. Finally, venue is proper in this Court pursuant to 18 U.S.C. § 1965(a) because Aytek resides and conducts its business affairs in this judicial district.

## FACTUAL ALLEGATIONS

### *Orient's Business*

11.     Orient is in the business of selling high-quality, handmade carpets – a business that started with the Sefer family well over a century ago and has continued uninterrupted for over five generations. Orient was formed in 1987 as the continuation of the family business.

12.     Since the 1880s, the Sefers have worked to build their name, reputation, and goodwill as carpet dealers. Each generation of the Sefer family has witnessed and passed along to the next generation traditions and technical expertise regarding the carpet trade. Through each generation's adaptation to market trends and improvement of product quality, Orient now maintains a selection of superbly handcrafted carpets with timeless designs, contemporary functionality, and extraordinary quality. Since its formation in 1987, Orient has continued to develop the Sefer family's reputation and goodwill under the Orient brand.

13.     Among other channels of sale, when cruise ships call on ports in Turkey, Orient arranges for cruise passengers to visit Orient's Istanbul showroom of carpets to purchase Orient carpets.

14.     Through its sales in Turkey, Orient has over time developed a list of customers living in the United States which contains customer names, email addresses, phone numbers, and residential addresses (the "Customer List").

15.     The Customer List contains contact information for over 10,000 Orient customers residing in the United States.

16.     Orient treats its Customer List as confidential, business proprietary information, and it takes steps to ensure that its Customer List does not become public. These steps include, without limitation, (i) maintaining the Customer List solely in electronic form on a password-

protected computer that is not connected to the Internet or a printer; (ii) protecting the Customer List file with a separate password; and (iii) limiting the number of Orient employees with access to the passwords for the computer and the Customer List.

17.     While employed by Orient, Kucukkaraca was one of two employees with access to the passwords for the computer and the Customer List. Nevertheless, Orient informed these employees, including Kucukkaraca, that the information on the Customer List was confidential, should be maintained as such, and was not to be removed from the computer on which the Customer List was stored.

18.     Orient also takes steps to protect the Customer List from disclosure during the shipping process, including by (i) shipping carpets to its United States affiliate in bulk; (ii) using a number-coded sales manifest (instead of customer names/addresses) for purposes of distributing the carpets to individual United States customers; and (iii) providing the customer index for the manifest to its United States-based affiliate separately to ensure that no Turkish shipping companies obtain access to specific customer information.

19.     Orient uses its Customer List for, among other things, communicating with prior customers regarding the sale of additional Orient carpets in the United States.

*The Scheme*

20.     In January 2022, Orient terminated Kucukkaraca because he failed to resume work more than a year after the initial phase of the COVID-19 pandemic had passed.

21.     Despite Orient's efforts to keep its Customer List confidential, Kucukkaraca copied, downloaded to a storage device, or otherwise reproduced the Customer List before leaving Orient.

22.     Kucukkaraca did so without Orient's knowledge, authorization, or permission, and did so for illicit purposes.

23.     Specifically, starting in or around March 2022, Kucukkaraca, Aslanhan, and John Does 1-10 have travelled throughout the United States, using Orient's Customer List to contact Orient's customers for the purpose of selling rugs from one or more competitor companies, including Aytek and its west-coast affiliate Istanbul Rugs.

24.     Kucukkaraca, Aslanhan, and John Does 1-10 have knowingly misrepresented to Orient's customers in the United States that they are selling authentic, handmade Orient carpets as part of an Orient promotion, including offers of a significant discount, when in fact the rugs they are promoting and selling are not authentic, handmade Orient carpets, but rather carpets manufactured by other companies and of inferior quality.

25.     In particular, Aslanhan, Kucukkaraca, and John Does 1-10 have coordinated with Aytek and Istanbul to contact Orient's customers in several states and sell, or attempt to sell, Aytek's and Istanbul's rugs to those customers under the false premise that the rugs are handmade, higher quality Orient carpets.

26.     To facilitate their sales, Aslanhan, Kucukkaraca, and John Does 1-10 have expressly told Orient's customers that they work for Orient or, at other times, have made misleading statements reasonably calculated to imply that they work for Orient.

27.     Among other things, Aslanhan, Kucukkaraca, and John Does 1-10 have used Orient's Customer List and leveraged Orient's goodwill and reputation to solicit Orient's customers by making both scheduled and unannounced visits at the customers' residences and by communicating numerous misrepresentations to them, including via texts and phone calls.

28.     One example of a text message to an Orient customer appears below:



29.     Aslanhan, Kucukkaraca, and John Does 1-10 have contacted Orient's customers across the United States, including in Alabama, Arizona, California, Florida, Maryland, Missouri, New York, North Carolina, South Carolina, Texas, and Washington.

30.     By falsely promoting Aytek's and Istanbul's rugs under Orient's brand and label, Aslanhan, Kucukkaraca, and John Does 1-10 have unjustly charged Orient's customers amounts that are well in excess of the actual value of the rugs, for the unjust benefit of the Defendants and to the detriment of Orient and its customers, and have sullied Orient's hard-earned reputation and goodwill by selling Orient's customers inferior products.

### *The Enterprise*

31.     In furtherance of the fraudulent scheme, Aytek, Aytek's affiliate Istanbul, Aslanhan, Kucukkaraca, and John Does 1-10 have joined together to act as an enterprise on numerous and ongoing occasions (the "Enterprise").

32.     Upon information and belief, Aytek and Istanbul have supplied their rugs to Aslanhan, Kucukkaraca, and John Does 1-10 with knowledge that they are falsely advertising inferior rugs as Orient's handmade, superior quality carpets for the purposes of selling the same to Orient's United States customers.

33.     Aytek has also provided a truck to Aslanhan, Kucukkaraca, and John Does 1-10 to facilitate the transport of the rugs the Enterprise is selling to Orient's United States customers.

34.     Istanbul has also provided a commercial van to Aslanhan, Kucukkaraca, and John Does 1-10 to facilitate the transport of the rugs the Enterprise is selling to Orient's United States customers.

35.     Aslanhan, Kucukkaraca, and John Does 1-10 have also supplied Orient's United States customers with Aytek's phone number as contact information.

36.     Aslanhan, Kucukkaraca, and John Does 1-10 have also falsely told Orient's United States customers that Aytek is affiliated with Orient.

37.     One of Aytek's employees at its New Jersey location is named Memet Ali Ugurlu.

38.     The Enterprise has frequently used the name "Memet" (sometimes spelled "Mehmet") when contacting Orient's United States customers, as reflected by the following text message one customer received:



Text Message
Fri, Apr 1, 10:23 AM

Hello, my name is Memet. The Turkish rug salesman. I hope you recall this. I'm currently in your neighborhood, and I've bought you very nice handmade carpets from Turkey for turkey price. So, if you're available in the coming weeks, I'd like to pay you a visit and show you the collections. I reduced my prices from 20% up-to 50% as Clearance sale. Thanks and looking forward

### *Istanbul Rugs' Connection to Enterprise*

39.     Aytek's president is Ayhan Teker.

40.     Teker's relatives Esref and Ogi Teker own and operate Istanbul out of California.

41.     Aytek and Istanbul have used the same space at industry trade shows.

42.     Upon information and belief, Istanbul is coordinating with Aytek to supply Aslanhan, Kucukkaraca, and other members of the Enterprise (John Does 1-10) with rugs and equipment for the Enterprise's operations on the west coast.

### *Cease-and-Desist Letter*

43.     After learning about the Enterprise's fraudulent scheme, on April 12, 2022, Orient (through counsel) sent Aytek a cease-and-desist letter.

44.     Aytek has not responded to Orient's cease-and-desist letter.

45.     After Aytek's receipt of Orient's cease-and-desist letter and as recently as July 27, 2022, Aslanhan, Kucukkaraca, and John Does 1-10, including the individual using the name "Memet" and another individual using the name "Alpert," have continued to contact Orient's United States customers in the attempt to pass off Aytek's rugs and Istanbul's rugs as Orient's handmade carpets, in furtherance of the Enterprise.

46.     Since Orient's cease-and-desist letter, a certain number of the communications seeking to pass off Aytek's rugs and Istanbul's rugs have come from phone numbers with area codes in and around Los Angeles, where Istanbul is based.

### *Harm to Orient*

47.     Aslanhan, Kucukkaraca, and John Does 1-10, including the individuals using the names "Memet" and "Alpert," have placed calls to Orient's customers on behalf of the Enterprise on at least March 12, April 5, April 14, May 28, May 31, June 7, June 22, June 25, June 26, June

30, and July 27, 2022; have sent text messages to Orient's customers on at least March 16, April 1, April 13, and May 16, 2022; have appeared in person at Orient's customers' residences on at least April 7, 9, and July 28, 2022; and have met in neutral locations with Orient's customers on at least July 28 and 29, 2022.

48.     The Enterprise has duped at least five of Orient's United States customers, including those who have purchased Aytek's rugs and/or Istanbul's rugs under the mistaken belief that they were purchasing Orient handmade carpets.

49.     Other customers have "traded-in" older, authentic Orient carpets (purchased in Turkey or through authorized sales in the United States) believing that they were receiving, in exchange, new Orient carpets when in fact they were receiving Aytek's or Istanbul's lesser-quality rugs.

50.     The Enterprise has created confusion in the marketplace as to the origin of the goods that Aytek and Istanbul sell or attempt to sell such that consumers believe the rugs are Orient's handmade carpets.

## CLAIMS FOR RELIEF

### Count 1
**(Against Defendants for Violations of the Lanham Act, 15 U.S.C. § 1125(a))**

51.     Orient repeats and incorporates by reference each and every allegation set forth in the preceding paragraphs.

52.     Through the expenditure of significant amounts of time, effort, and money, Orient and its current and former principals and agents have spent more than a century developing a brand and reputation as an exclusive, high-end dealer of handmade Turkish carpets. As a result, Orient is now internationally recognized as a purveyor of exquisite carpets and woven art.

53.     Defendants' use of Orient's name and reputation has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Aytek's rugs and Istanbul's rugs are manufactured or distributed by Orient, or are associated or connected with Orient, or have the sponsorship, endorsement, or approval of Orient's services.

54.     Defendants have made false and misleading statements of fact regarding Aytek's products and Istanbul's products with the intent to deceive a substantial portion of the intended audience of Orient's United States customers. Such statements actually deceived and/or tended to deceive the intended audience and were material in that the statements likely influenced the consumers' purchasing decisions.

55.     Defendants' activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception to members of the trade and public, resulting in injury to Orient's goodwill and reputation as symbolized by Orient's name and reputation.

56.     Defendants' actions occurred in and/or affected interstate commerce.

57.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Orient's brand to the great detriment of Orient.

58.     Defendants caused and are likely to continue to cause substantial injury to the public and to Orient, and Orient is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees.

### Count 2
### (Against Aytek and Istanbul for Contributory Violations of the Lanham Act, 15 U.S.C. § 1125(a))

59.     Orient repeats and incorporates by reference each and every allegation set forth in the preceding paragraphs.

60.     Through the expenditure of significant amounts of time, effort, and money, Orient, its principals, and their ancestors, have spent more than a century developing a brand and

reputation as an exclusive, high-end dealer of handmade Turkish carpets. As a result, Orient is now internationally recognized as purveyors of exquisite carpets and woven art.

61.     Kucukkaraca, Aslanhan, and/or John Does 1-10's use of Orient's name and reputation has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Aytek's rugs and Istanbul's rugs are manufactured or distributed by Orient, or are associated or connected with Orient, or have the sponsorship, endorsement, or approval of Orient's services.

62.     Aytek and Istanbul have knowingly induced and caused Kucukkaraca, Aslanhan, and/or John Does 1-10's unfairly competitive and false advertising actions by providing support and equipment to perpetuate the violations of Orient's rights. Such actions include, but are not limited to, supplying Kucukkaraca, Aslanhan, and/or John Does 1-10 with inferior rugs, vehicles, and Aytek's contact information to deceive Orient's customers and/or the public in general.

63.     Aytek and Istanbul have also knowingly and materially participated in Kucukkaraca, Aslanhan, and/or John Does 1-10's unfairly competitive and false advertising actions by providing support and equipment to perpetuate the violations of Orient's rights. Such actions include, but are not limited to, suppling Kucukkaraca, Aslanhan, and/or John Does 1-10 with inferior rugs, vehicles, and Aytek's contact information to deceive Orient's customers and/or the public in general.

64.     Kucukkaraca, Aslanhan, and/or John Does 1-10 have made false and misleading statements of fact regarding Aytek's products and Istanbul's products with the intent to deceive a substantial portion of the intended audience of Orient's United States customers. Such statements actually deceived and/or tended to deceive the intended audience and were material in that the statements likely influenced the consumer's purchasing decisions.

65.     Defendants' activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception to members of the trade and public, resulting in injury to Orient's goodwill and reputation as symbolized by Orient's name and reputation.

66.     Defendants' actions occurred in and/or affected interstate commerce.

67.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Orient's brand to Orient's great and irreparable harm.

68.     Defendants caused and are likely to continue to cause substantial injury to the public and to Orient, and Orient is entitled to injunctive relief and to recover Aytek's and/or Istanbul's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees.

## Count 3
### (Against Defendants for Violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836)

69.     Orient repeats and incorporates by reference each and every allegation set forth in the preceding paragraphs.

70.     Orient's confidential Customer List is not generally known and Orient takes reasonable steps to maintain confidentiality with respect to its trade secret material.

71.     Orient derives independent economic value from its Customer List not being generally known to or readily ascertainable through proper means by another person who can obtain economic value from the disclosure or use of the information.

72.     Kucukkaraca has used and disclosed and is continuing to use and disclose Orient's Customer List without authorization from Orient.

73.     Upon information and belief, Kucukkaraca has disclosed the Customer List to Aytek, Istanbul, Aslanhan, and John Does 1-10.

74.     Defendants have used the Customer List for commercial purposes, to prey on Orient's United States customers as targets for Defendants' scam.

75.     Defendants' continued use and disclosure of Orient's trade secret information constitutes imminent, immediate, and irreparable harm to Orient.

76.     Defendants have misappropriated Orient's trade secret information and, unless restrained, will continue to misappropriate Orient's trade secrets.

77.     Orient has sustained damages and injury as a direct and proximate result of Defendants' misappropriation of Orient's trade secret information.

78.     Defendants misappropriated Orient's trade secret information willfully and maliciously, entitling Orient to recover attorneys' fees from Defendants pursuant to 18 U.S.C. § 1836(b)(3)(D) and punitive or exemplary damages from Defendants pursuant to 18 U.S.C. § 1836(b)(3)(C).

**Count 4**
**(Against Defendants for Violation of the Racketeer Influenced**
**and Corrupt Organizations Act, 18 U.S.C. § 1961)**

79.     Orient repeats and incorporates by reference each and every allegation set forth in the preceding paragraphs.

80.     Defendants are persons as defined by 18 U.S.C. § 1961(3).

81.     Both Aytek and Istanbul hold themselves out as businesses that sell or attempt to sell goods through legitimate means.

82.     Nevertheless, Aytek and Istanbul participated in and/or constituted an enterprise with Aslanhan, Kucukkaraca, and John Does 1-10 within the meaning of 18 U.S.C. § 1961(4) that engaged in and affected trade and interstate commerce for the purpose of formulating and carrying

out a scheme to wrongfully deprive Orient of its assets, property, and customers through a pattern of racketeering activity.

83.    Each Defendant has been associated with this Enterprise and participated, directly or indirectly, in the conduct of the affairs of the Enterprise to injure Orient.

84.    Each member of the Enterprise shared a common purpose to engage in a particular course of unlawful conduct to injure Orient and worked together in order to achieve that purpose as detailed herein.

85.    Beginning in early 2022 and continuing to the present, in New Jersey and throughout the United States, Defendants knowingly and willfully have combined, conspired, confederated, and agreed with each other and with others to conduct and participate, directly and indirectly, through a pattern of schemes to injure Orient and tortiously interfere with its rights for their own benefit.

86.    Defendants have devised or intended to devise a scheme or artifice to defraud Orient and its United States customers by obtaining money or property under means of false or fraudulent pretenses, representations, or promises and transmitted or caused to be transmitted by means of wire communication in interstate or foreign commerce in violation of 18 U.S.C. § 1343.

87.    Defendants have converted or intended to convert at least one of Orient's trade secrets that is related to a product or service used in or intended for use in interstate or foreign commerce to the economic benefit of persons other than Orient with the intent or knowledge that the offense will injure Orient. Defendants individually committed actions that violate 18 U.S.C. §§ 1832(a)(1)-(3), attempted to commit these acts in violation of 18 U.S.C. § 1832(a)(4), and conspired to commit these acts in violation of 18 U.S.C. § 1832(a)(5).

88.     As a result of the aforementioned activities, Defendants violated 18 U.S.C. § 1962(c) by conducting and participating in the conduct of, an enterprise through a pattern of racketeering activity, and § 1962(d) by conspiring to violate 18 U.S.C. § 1962.

89.     As a direct and proximate result of Defendants' racketeering activity, Orient has suffered injuries and is entitled to compensatory damages, trebled, together with interest, costs, and attorneys' fees, and any such other relief as the Court may deem just, equitable and appropriate in these circumstances.

**Count 5**
**(Against Defendants for**
**Violations of Statutory and Common Law Unfair Competition)**

90.     Orient repeats and incorporates by reference each and every allegation set forth in the preceding paragraphs.

91.     Defendants' acts constitute statutory and common law unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of Orient.

92.     Upon information and belief, each of the Defendants acted with full knowledge of Orient's use of, and statutory and common law rights to, Orient's name and reputation without regard to the likelihood of confusion of the public.

93.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Orient's name and reputation to the great and irreparable injury of Orient in violation of the statutory and common laws of the State of New Jersey (including N.J.S.A. § 56:4–1) and/or similar laws in the states of Alabama, Arizona, California, Florida, Maryland, Missouri, North Carolina, South Carolina, Texas, and Washington.

94.     As a result of Defendants' acts, Orient has been damaged in an amount not yet determined or ascertainable. At a minimum, however, Orient is entitled to injunctive relief, to an accounting of each of the Defendants' profits, damages, and costs. Further, in light of the deliberate and malicious actions and the need to deter Defendants from engaging in similar conduct in the future, Orient is entitled to punitive damages.

<u>Count 6</u>
**(Against Defendants for Trade Secret Misappropriation in Violation of State Laws)**

95.     Orient repeats and incorporates by reference each and every allegation set forth in the preceding paragraphs.

96.     Orient's confidential Customer List is not generally known and Orient takes reasonable steps to maintain confidentiality with respect to its trade secret material.

97.     Orient derives independent economic value from its Customer List not being generally known to or readily ascertainable through proper means by another person who can obtain economic value from the disclosure or use of the information.

98.     Kucukkaraca has used and disclosed and is continuing to use and disclose Orient's Customer List without authorization from Orient.

99.     Kucukkaraca has disclosed, directly or indirectly, the Customer List to Aytek, Istanbul, Aslanhan, and John Does 1-10.

100.    Defendants have used the Customer List for commercial purposes, to prey on Orient's United States customers as targets for Defendants' scam.

101.    Defendants acquired and used Orient's trade secrets knowing or having reason to know (i) that Orient's trade secrets were acquired through improper means; and/or (ii) that their knowledge of the trade secrets was derived from or through a party (Kucukkaraca) who owed a duty to Orient to maintain the secrecy and limit the use of said trade secrets.

102.    Defendants have misappropriated and used Orient's trade secrets and/or inevitably will misappropriate and use said trade secrets, in violation of the laws of the State of New Jersey and similar laws in the states of Alabama, Arizona, California, Florida, Maryland, Missouri, North Carolina, South Carolina, Texas, and Washington.

103.    Defendants' continued use and disclosure of Orient's trade secret information constitute imminent, immediate, and irreparable harm to Orient.

104.    Defendants misappropriated Orient's trade secrets willfully and maliciously, entitling Orient to recover attorneys' fees from Defendants pursuant to NJ Rev. Stat. § 56:15-6 and/or similar law in the states of Alabama, Arizona, California, Florida, Maryland, Missouri, North Carolina, South Carolina, Texas, and Washington as well as punitive or exemplary damages from Defendants pursuant to NJ Rev. Stat. § 56:15-4(b) and/or laws of other states that permit punitive damages for such egregious conduct.

## <u>Count 7</u>
### (Against Aytek and Istanbul for Conspiracy to Commit Civil Torts)

105.    Orient repeats and incorporates by reference each and every allegation set forth in the preceding paragraphs.

106.    Aytek and Istanbul knowingly and intentionally entered into an agreement with Kucukkaraca, Aslanhan, and/or John Does 1-10 to wrong or injure Orient. Aytek's and Istanbul's knowledge and intent is based on, but not limited to, their supplying Kucukkaraca and Aslanhan with inferior rugs, vehicles, and/or Aytek's contact information.

107.    Kucukkaraca, Aslanhan, and/or John Does 1-10 committed overt acts that constitute statutory and common law unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of Orient in violation of the laws of the State of New Jersey and similar laws in the states of Alabama,

Arizona, California, Florida, Maryland, Missouri, North Carolina, South Carolina, Texas, and Washington.

108.    Kucukkaraca, Aslanhan, and/or John Does 1-10 also committed overt acts that constitute trade secret misappropriation against Orient by misappropriating and using Orient's trade secrets and/or inevitably will misappropriate and use said trade secrets, in violation of the laws of the State of New Jersey and similar laws in the states of Alabama, Arizona, California, Florida, Maryland, Missouri, North Carolina, South Carolina, Texas, and Washington.

109.    As a result of Defendants' acts, Orient has been damaged in an amount not yet determined or ascertainable. At a minimum, however, Orient is entitled to injunctive relief against Aytek and Istanbul, to an accounting of Aytek's and Istanbul's profits, actual and/or statutory damages, attorneys' fees, and costs.

## Count 8
**(Against Aytek and Istanbul for Aiding and Abetting the Commission of Civil Torts)**

110.    Orient repeats and incorporates by reference each and every allegation set forth in the preceding paragraphs.

111.    Kucukkaraca, Aslanhan, and/or John Does 1-10  committed overt acts that constitute statutory and common law unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of Orient in violation of the laws of the State of New Jersey and similar laws in the states of Alabama, Arizona, California, Florida, Maryland, Missouri, North Carolina, South Carolina, Texas, and Washington.

112.    Kucukkaraca, Aslanhan, and/or John Does 1-10 also committed overt acts that constitute trade secret misappropriation against Orient by misappropriating and using Orient's trade secrets and/or inevitably will misappropriate and use said trade secrets, in violation of the

laws of the State of New Jersey and similar laws in the states of Alabama, Arizona, California, Florida, Maryland, Missouri, North Carolina, South Carolina, Texas, and Washington.

113.    Aytek and Istanbul knowingly and substantially assisted Kucukkaraca, Aslanhan, and/or John Does 1-10's tortious conduct by supplying Kucukkaraca, Aslanhan, and/or John Does 1-10 with support and equipment to perpetuate the violations of Orient's rights. Such actions include, but are not limited to, supplying Kucukkaraca, Aslanhan, and/or John Does 1-10 with inferior rugs, vehicles, and Aytek's contact information.

114.    Aytek and Istanbul were generally aware of their role in the overall illegal or tortious activity at the times that they provided and continue to provide assistance to Kucukkaraca, Aslanhan, John Does 1-10, and/or each other.

115.    As a result of Defendants' acts, Orient has been damaged in an amount not yet determined or ascertainable. At a minimum, however, Orient is entitled to injunctive relief against Aytek and Istanbul, to an accounting of Aytek's and Istanbul's profits, actual and/or statutory damages, attorneys' fees, and costs.

**WHEREFORE**, Plaintiff Orient Turistik Magazacilik San ve Tic LTD. STI respectfully requests that the Court:

A.    Enter judgment in favor of Orient and against Defendants on all counts of this Complaint;

B.    Award Orient monetary damages in an amount to be determined at trial;

C.    Order Aytek and Istanbul to disgorge any and all profits earned as a result of its actions complained of herein;

D.    Enter an injunction preventing Aytek and Istanbul from supplying their rugs to Aslanhan, Kucukkaraca, or any other person purporting to represent Orient or providing any other support (including equipment, such as phones and/or trucks) to such persons;

E.   Enter an injunction requiring Defendants to return to Orient any copies or derivations of Orient's Customer List

F.   Enter an injunction requiring Aytek and Istanbul to divulge any information they possess regarding Aslanhan or Kucukkaraca;

G.   Enter an injunction preventing Aslanhan or Kucukkaraca from representing that they work for Orient or from selling any rugs under the representation that they are Orient products;

H.   Award Orient its fees and expenses, including attorneys' fees, for bringing this action;

I.   Award Orient punitive damages; and

J.   Order such other relief as may be just and appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Orient demands a trial by jury on all issues so triable in this present action.

Dated:  August 2, 2022

**BAILEY DUQUETTE P.C.**

*/s/ Hozaifa Y. Cassubhai*
Hozaifa Y. Cassubhai, No. 147452017
**BAILEY DUQUETTE P.C.**
111 Quimby Street, Suite 10
Westfield, NJ 07090
Tel. (908) 315-0253
Fax (866) 233-5869
hozaifa@baileyduquette.com

**RUBERTO, ISRAEL & WEINER, P.C.**
Bradley L. Croft, MA BBO #633347
(pro hac vice to be filed)
Roger L. Smerage, MA BBO #675388
(pro hac vice to be filed)
255 State Street, 7th Floor
Boston, MA 02109
Tel. (617) 742-4200
Fax (617) 742-2355
blc@riw.com
rls@riw.com

*Attorneys for Plaintiff*