UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ORIENT TURISTIK MAGAZACILIK SAN VE TIC LTD. STI,**<br><br>**Plaintiff,**<br><br>v.<br><br>**AYTEK USA, INC.** *doing business as* **AYTEK RUGS, et al.,**<br><br>**Defendants.** | **Civil Action No. 22-4864 (SDW)**<br><br>**OPINION AND ORDER** |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a motion by Plaintiff Orient Turistik Magazacilik San ve Tic LTD. STI ("Plaintiff") for (A) an Extension of Time to Effect Service on Defendants Mustafa Aslanhan and Umit Kucukkaraca (collectively, the "Individual Defendants") and (B) Substituted Service on Mustafa Aslanhan [ECF No. 20]. The motion is unopposed. For the reasons set forth below, Plaintiff's motion for an Extension of Time to Effect Service and Substituted Service [ECF No. 20] is **GRANTED in part and DENIED in part**.

**I.    BACKGROUND**

Plaintiff initiated this action against Defendants Aytek USA, Inc. ("Aytek"), Istanbul Rugs, LLC ("Istanbul"), Aslanhan, and Kucukkaraca (collectively, "Defendants") by filing a Complaint on August 2, 2022. ECF No. 1. Plaintiff alleges Defendants are participating "in an ongoing scam to pass off Aytek's and Istanbul's lesser-quality rugs as Orient's superior quality, handmade carpets to Orient's select customer base in the United States," *id.* at ¶ 1, and asserts claims under the Lanham Act, the Defend Trade Secrets Act, the Federal Racketeer Influenced and Corrupt

1

Organizations Act, and their state and common law equivalents. *Id.* at ¶ 8. Defendants Aytek and Istanbul have been served and have appeared in the case. *See* ECF Nos. 9, 10, 13, 14. However, despite attempts at personal service, Plaintiff has not yet executed service of process against the Individual Defendants. Plaintiff asserts that personal service has been unsuccessful as to Defendant Aslanhan, and now seeks (a) an extension of time to effect service on the Individual Defendants and (b) leave to serve Defendant Aslanhan by publication pursuant to N.J. Ct. R. 4:4-5. Plaintiff proposes service by publication in The Star Ledger, the largest circulated newspaper in New Jersey, and The Record, a newspaper of general circulation within Bergen County, New Jersey, once a week for three consecutive weeks.

## II. DISCUSSION

### A. Service by Publication

Pursuant to Federal Rule of Civil Procedure 4(e):

Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Under New Jersey law, the primary method for effectuating service is personal service. *See* N.J. Ct. R. 4:4-4(a), 4:4-5(a). New Jersey Court Rules, however, allow for substitute or constructive service when personal service cannot be effected. *See* N.J. Ct. R. 4:4-4(b), 4:4-5. "For *in personam jurisdiction*, New Jersey Court Rule 4:4-4(b) provides the methods of substitute or constructive service, such as personal service outside the state, simultaneous mailings by ordinary and certified (or registered) mail, and 'as provided by court order, consistent with due process of law.'" *H.D. Smith, LLC v. Prime Rite Corp.*, No. 16-294, 2016 WL 3606785, at *1 (D.N.J. July 5, 2016) (citations omitted). "For *in rem* and *quasi in rem jurisdiction*, New Jersey Court Rule 4:4-5 provides the methods for personal, substitute, and constructive service, such as service by publication." *Id.* (citations omitted). "Regardless of the type of action, substitute or constructive service requires a demonstration of due diligence that satisfies the requirements specified in New Jersey Court Rule 4:4-5(b)." *Id.* (citations omitted).

"Diligence has no fixed standard." *H.D. Smith, LLC*, 2016 WL 3606785, at *2 (citing *Modan v. Modan*, 327 N.J. Super. 44, 48 (App. Div. 2000)). "The diligence exercised and the alternative service requested must meet the constitutional requirements of due process." *Id.* (citation omitted). "Namely, the 'elementary and fundamental requirement of due process' is that there be 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (citations omitted). When considering due diligence, the court measures "the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant." *Modan*, 327 N.J. Super. at 48 (citations and quotations omitted). "Diligence requires that a plaintiff follow up on information it possesses or can reasonably obtain, but it does not necessarily mean a plaintiff take every conceivable action." *H.D. Smith, LLC*, 2016 WL 3606785, at *2 (citation omitted).

"Service by publication is hardly favored and is the method of service that is least likely to give notice." *M & D Assocs. v. Mandara*, 366 N.J. Super. 341, 353 (App. Div. 2004). However, "it has been recognized that, in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 317 (1950).

The Court finds that Plaintiff has failed to demonstrate the requisite due diligence to locate and serve Defendant Aslanhan to justify substitute service by publication. A review of the certification of Hozaifa Y. Cassubhai, Esq. shows that in accordance with N.J. Ct. R. 4:4-4(a), Plaintiff sought the assistance of Airde Group, a private investigator firm, to locate and serve Mr. Aslanhan. ECF No. 20-2, Certification of Hozaifa Y. Cassubhai, Esq. ("Cassubhai Cert.") ¶ 3. Plaintiff's motion also included a certification from Tom E. Zoller, President of Airde Group, Inc., detailing his firm's efforts to locate and serve Mr. Aslanhan. Airde first sought to identify an address for Mr. Aslanhan by accessing nationwide databases including TLOxp – Transunion and CLEAR – Thomson Reuters which provide reports "identifying information on the subject such as address history, utility history, contact information/telephone numbers, motor vehicle history, real property ownership information, business affiliations, etc." ECF No. 20-2, Certification of Tom E. Zoller ("Zoller Cert.") ¶ 3. Zoller attested that "Airde was unable to identify any residential addresses associated with Mr. Aslanhan, but did receive information that Mr. Aslanhan had contacts with the Carlstadt, New Jersey area." *Id.*

After that initial search was conducted in June 2022, Airde was again retained by Plaintiff in August 2022 to locate Mr. Aslanhan, and upon location, to serve Mr. Aslanhan with process in this matter. Zoller Cert. ¶ 4. Airde revisited its nationwide databases and was unable to identify

4

any new leads as to Mr. Aslanhan's whereabouts, although their research revealed a last-known address of 820 Washington Ave., Carlstadt, NJ 07072, a commercial address. Zoller Cert. ¶ 5. Airde then retained a New York/New Jersey private investigation firm to attempt to locate and serve Mr. Aslanhan. Zoller Cert. ¶ 6. Zoller's Certification detailed the fieldwork conducted by an investigator from that local firm:

> 7. On August 24, 2022, an Airde retained investigator observed the area around the headquarters of Defendant Aytek USA, Inc. at 711 Route 17, North Carlstadt, New Jersey in an attempt to identify and serve Mr. Aslanhan. The investigator was on site from approximately 9:00 am to approximately 1:00 pm, but did not observe anyone that matched Mr. Aslahan's likeness.
>
> 8. On September 1, 2022, an Airde retained investigator returned to the area around the headquarters of Defendant Aytek USA, Inc. at 711 Route 17, North Carlstadt, New Jersey. Although the investigator was on site from approximately 9:00 am to approximately 1:30 pm, and although the investigator observed several workers, the investigator did not observe anyone that matched Mr. Aslahan's likeness.
>
> 9. On September 8, 2022, an Airde retained investigator attempted to locate Mr. Aslanhan at several locations in the Carlstadt area, including the headquarters of Defendant Aytek USA, Inc. at 711 Route 17, North Carlstadt, New Jersey; Arshs Fine Rugs, 820 Washington Avenue, Carlstadt, New Jersey; Super 8 by Wyndham Meadowlands, 395 Washington Avenue, Carlstadt, New Jersey; and 542 Ridgeland Terrace, Englewood, New Jersey. The Wyndham Meadowlands Super 8 was identified as a potential lead while the 542 Ridgeland Terrace, Englewood, NJ residential address was included at it is Ayhan Teker's last known residential address, the current President of Defendant Aytek USA, Inc. These attempts all proved to be unsuccessful.
>
> 10. On September 14, 2022, an Airde retained investigator returned to the area around the headquarters of Defendant Aytek USA, Inc. at 711 Route 17, North Carlstadt, New Jersey. The investigator was on site from approximately 9:00 am to approximately 12:00 pm, but did not observe anyone that matched Mr. Aslanhan's likeness.

Zoller Cert. ¶¶ 7-10. A careful review of these efforts indicates that the fieldwork inexplicably focused on Aytek's headquarters when Zoller earlier attested that Mr. Aslanhan's last-known address was 820 Washington Ave., Carlstadt, NJ 07072. Zoller does not explain why the private investigator only visited the 820 Washington Ave. address once during the fieldwork, on September 8, 2022. Further, it is unclear how long the investigator was onsite at 820 Washington Ave., as the investigator visited four sites in the same day. At a minimum, further clarification is needed to explain why the fieldwork was focused on Aytek's headquarters rather than Mr. Aslanhan's last-known address.

Additionally, aside from the Airde Group's efforts, Mr. Cassubhai, counsel for Plaintiff, attested that on October 26, 2022 he sent via text message a copy of the Complaint, Summons, and Waiver of Service form to a mobile telephone number believed to belong to Mr. Aslanhan. Cassubhai Cert. ¶ 4.[1] However, Mr. Cassubhai does not specify which mobile number the documents were sent to or how he obtained this phone number, and it is unclear whether this is the same mobile number referenced in Plaintiff's Complaint as sending alleged misrepresentations to Orient customers. *See* ECF No. 1 at ¶ 28.

Plaintiff's failure to explain why fieldwork was conducted at Aytek rather than Mr. Aslanhan's last-known address, in addition to the lack of specificity regarding the mobile number to which Mr. Cassubhai's text message communication was sent, demonstrates insufficient diligence precluding the Court from granting Plaintiff's request to effectuate service upon Defendant Aslanhan through publication. Further, the Court is not persuaded that service by publication is the only option remaining to effectuate service, as courts typically require a copy of the summons and complaint be sent via mail to the defendant's last-known address prior to or in

---

[1] Mr. Cassubhai attested that as of October 28, 2022, the date of filing the instant motion, Mr. Aslanhan had not responded to the text message. Cassubhai Cert. ¶ 4.

conjunction with publication and Plaintiff has provided no evidence it has mailed the summons and complaint to Mr. Aslanhan at 820 Washington Ave. *See Modan*, 327 N.J. Super. at 48-49. Accordingly, Plaintiff's request to effectuate service upon Defendant Aslanhan by publication is **DENIED without prejudice**.

### B. Extension of Time to Serve

Plaintiff also seeks a 120-day extension of time to serve the Individual Defendants. *See* ECF No. 20-1 at 2. Pursuant to the Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

To determine whether to extend the time to effectuate service, the Court makes a two-step inquiry. *See Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997). First, the Court "determines whether good cause exists for a plaintiff's failure to effect timely service. If good cause exists, the extension must be granted." *Id.* (citations omitted). However, "[i]f good cause does not exist, the district court must consider whether to grant a discretionary extension of time . . . . In determining whether good cause exists, a court's 'primary focus is on the plaintiff's reasons for not complying with the time limit in the first place.'" *Id.* (citations omitted). "The good cause prong requires that 'a plaintiff demonstrate good faith and some reasonable basis for noncompliance with the time specified in the rules.'" *H.D. Smith, LLC*, 2016 WL 3606785, at *3 (D.N.J. July 5, 2016) (citations omitted). "Thus, when determining whether or not good cause exists, the Court should assess, among other things, 'the reasonableness of plaintiff's efforts to serve,' and 'whether the plaintiff moved for an enlargement of time to serve.'" *Id.* (citations omitted).

In this case, the Court finds that good cause exists to enlarge the time to serve the Individual Defendants. While the Court found that Plaintiff has not sufficiently demonstrated due diligence in its attempts to locate and serve Mr. Aslanhan, this finding was made in light of the heightened standard of meeting the constitutional requirements of due process. *See H.D. Smith, LLC*, 2016 WL 3606785, at *2. When viewed under the more lenient standard for extending time to serve, however, the Court finds Plaintiff's lengthy efforts to locate and serve Mr. Aslanhan satisfactory, as Plaintiff has acted in good faith and in an expeditious manner in attempting to effectuate service on Mr. Aslanhan. Thus, good cause exists to grant Plaintiff an extension of time to serve Defendant Aslanhan. With regards to Defendant Kucukkaraca, Plaintiff indicated that it learned after filing the Complaint that Mr. Kucukkaraca was no longer in the United States, and Plaintiff has commenced the process of serving Mr. Kucukkaraca in Turkey under the Hague Convention process. Cassubhai Cert. ¶ 5. Plaintiff avers that based on standard timelines, it will require an additional three to six months to complete service on Mr. Kucukkaraca through the Hague Convention process, assuming no obstacles are encountered. ECF No. 20-1 at 5. Based on the efforts Plaintiff has already undertaken to serve Defendant Kucukkaraca and the typical lengthiness of time to effect service under the Hague Convention, the Court is persuaded that good cause exists to grant Plaintiff's extension of time as to Defendant Kucukkaraca. In light of all of these circumstances, Plaintiff has acted reasonably. Accordingly, Plaintiff shall have until **March 29, 2023** to serve Defendants Aslanhan and Kucukkaraca.

### III. CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this **29th** day of **November, 2022**,

**ORDERED** that Plaintiff's Motion for Extension of Time to Effect Service on Defendants Mustafa Aslanhan and Umit Kucukkaraca and Substitute Service by Publication on Mustafa Aslanhan [ECF No. 20] is **GRANTED in part and DENIED in part**; and it is further

**ORDERED** that the time period for which Plaintiff may serve Defendants Mustafa Aslanhan and Umit Kucukkaraca is hereby extended to **March 29, 2023**; and it is further

**ORDERED** that Plaintiff's request to substitute service on Defendant Mustafa Aslanhan is **DENIED without prejudice**.

    s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**