UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ORIENT TURISTIK MAGAZACILIK SAN VE TIC LTD. STI,**<br><br>**Plaintiff,**<br><br>v.<br><br>**AYTEK USA, INC.** *doing business as* **AYTEK RUGS, et al.,**<br><br>**Defendants.** | **Civil Action No. 22-4864 (SDW)**<br><br>**OPINION AND ORDER** |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a renewed motion by Plaintiff Orient Turistik Magazacilik San ve Tic LTD. STI ("Plaintiff") for (A) Substituted Service on Mustafa Aslanhan and (B) an Extension of Time to Effect Service on Defendant Aslanhan [Dkt. No. 38]. The motion is unopposed. For the reasons set forth below, Plaintiff's renewed motion for Substituted Service and an Extension of Time to Effect Service [Dkt. No. 38] is **GRANTED**.

**I.   BACKGROUND**

Plaintiff initiated this action against Defendants Aytek USA, Inc. ("Aytek"), Istanbul Rugs, LLC ("Istanbul"), Aslanhan, and Umit Kucukkaraca (collectively, "Defendants") by filing a Complaint on August 2, 2022. Dkt. No. 1.[1] Plaintiff alleges Defendants are participating "in an ongoing scam to pass off Aytek's and Istanbul's lesser-quality rugs as Orient's superior quality, handmade carpets to Orient's select customer base in the United States," Dkt. No. 42 ("Am.

---

[1] On April 13, 2023, subsequent to the filing of the instant motion, Plaintiff filed an Amended Complaint adding as Defendants Haluk Ilikyel, Alper Yildirim, and Mehmet Mamir. Dkt. No. 42. The causes of action are identical between the original complaint and the Amended Complaint. Thus, because the Court is granting Plaintiff's requested relief, the Court will direct Plaintiff to serve notice of the Amended Complaint on Aslanhan.

Compl.") at ¶ 1, and asserts claims under the Lanham Act, the Defend Trade Secrets Act, the Federal Racketeer Influenced and Corrupt Organizations Act, and their state and common law equivalents. *Id.* at ¶ 11.

Defendants Aytek and Istanbul have been served and have appeared in the case. *See* Dkt. Nos. 9, 10, 13, 14. On October 28, 2022, Plaintiff filed a motion for (a) extension of time to serve Defendants Kucukkaraca and Aslanhan and (b) substitute service on Aslanhan. Dkt. No. 20. On November 29, 2022, the Court granted the motion in part and denied it in part. Dkt. No. 28. Specifically, the Court granted an extension of time to serve Kucukkaraca and Aslanhan, setting the new deadline for service on March 29, 2023. *Id.* at 8. The Court denied without prejudice Plaintiff's request to substitute service on Aslanhan, concluding that Plaintiff had fallen short of showing sufficient due diligence to serve Aslanhan. *Id.* at 4-7. In so doing, the Court questioned certain aspects of the fieldwork conducted by the private investigator firm that Plaintiff had retained to locate Aslanhan. *Id.* at 4-6. The Court also observed that it was unclear to whose mobile number Plaintiff's counsel had previously sent the Complaint and Summons via text message, as well as whether that mobile number was the same number referenced in Plaintiff's Complaint as sending alleged misrepresentations to Orient customers. *Id.* at 6. The Court further observed that Plaintiff had not mailed a copy of the Summons and Complaint to Defendant Aslanhan's last-known address as courts typically require before granting alternative service by publication. *Id.* at 6-7.

Since that decision was issued, service was executed on Defendant Kucukkaraca but he has not yet entered an appearance. *See* Dkt. No. 32. On March 29, 2023, Plaintiff filed the instant renewed motion seeking to substitute service on Aslanhan and an extension of time to effect service on the same. Dkt. No. 38. Plaintiff asserts that personal service has been unsuccessful as

to Defendant Aslanhan despite diligent efforts, including those undertaken after the Court's November 29, 2022 Opinion and Order, and now seeks (a) leave to serve Defendant Aslanhan by publication pursuant to N.J. Ct. R. 4:4-5 and (b) an extension of time to effect service on Aslanhan. Plaintiff proposes service by publication in The Star Ledger, the largest circulated newspaper in New Jersey, and The Record, a newspaper of general circulation within Bergen County, New Jersey, once a week for three consecutive weeks.

## II.   DISCUSSION

### A.  Service by Publication

Pursuant to Federal Rule of Civil Procedure 4(e):

Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Under New Jersey law, the primary method for effectuating service is personal service. *See* N.J. Ct. R. 4:4-4(a), 4:4-5(a). New Jersey Court Rules, however, allow for substitute or constructive service when personal service cannot be effected. *See* N.J. Ct. R. 4:4-4(b), 4:4-5. "For

*in personam jurisdiction*, New Jersey Court Rule 4:4-4(b) provides the methods of substitute or constructive service, such as personal service outside the state, simultaneous mailings by ordinary and certified (or registered) mail, and 'as provided by court order, consistent with due process of law.'" *H.D. Smith, LLC v. Prime Rite Corp.*, No. 16-294, 2016 WL 3606785, at *1 (D.N.J. July 5, 2016) (citations omitted). "For *in rem* and *quasi in rem jurisdiction*, New Jersey Court Rule 4:4-5 provides the methods for personal, substitute, and constructive service, such as service by publication." *Id.* (citations omitted). "Regardless of the type of action, substitute or constructive service requires a demonstration of due diligence that satisfies the requirements specified in New Jersey Court Rule 4:4-5(b)." *Id.* (citations omitted).

"Diligence has no fixed standard." *H.D. Smith, LLC*, 2016 WL 3606785, at *2 (citing *Modan v. Modan*, 327 N.J. Super. 44, 48 (App. Div. 2000)). "The diligence exercised and the alternative service requested must meet the constitutional requirements of due process." *Id.* (citation omitted). "Namely, the 'elementary and fundamental requirement of due process' is that there be 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (citations omitted). When considering due diligence, the court measures "the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant." *Modan*, 327 N.J. Super. at 48 (citations and quotations omitted). "Diligence requires that a plaintiff follow up on information it possesses or can reasonably obtain, but it does not necessarily mean a plaintiff take every conceivable action." *H.D. Smith, LLC*, 2016 WL 3606785, at *2 (citation omitted).

"Service by publication is hardly favored and is the method of service that is least likely to give notice." *M & D Assocs. v. Mandara*, 366 N.J. Super. 341, 353 (App. Div. 2004). However, "it has been recognized that, in the case of persons missing or unknown, employment of an indirect

4

and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 317 (1950).

The Court finds that Plaintiff has sufficiently supplemented the record provided in its initial motion for substitute service and thus has demonstrated that it made a thorough and good faith effort to effectuate service on Defendant Aslanhan. A review of the certification of Hozaifa Y. Cassubhai, Esq. shows that in accordance with N.J. Ct. R. 4:4-4(a), Plaintiff once again retained Airde Group, a private investigator firm, in December of 2022 to locate and serve Mr. Aslanhan after first retaining the firm within days of filing the initial complaint. Dkt. No. 38-2, Certification of Hozaifa Y. Cassubhai, Esq. ("Cassubhai Cert.") at ¶ 3. Plaintiff's renewed motion appears to include the same certification from Tom E. Zoller, President of Airde Group, Inc., that was attached to Plaintiff's initial motion for substitute service. *Compare* Dkt. No. 38-4, Certification of Tom E. Zoller ("Zoller Cert."), *with* Dkt. No. 20-2. As stated in the Court's prior Opinion, Zoller's certification details his firm's efforts to locate and serve Mr. Aslanhan, including running a search through nationwide databases, including TLOxp – Transunion and CLEAR – Thomson Reuters, in an attempt to identify an address for Mr. Aslanhan. Zoller Cert. at ¶ 3. Zoller attested that "Airde was unable to identify any residential addresses associated with Mr. Aslanhan, but did receive information that Mr. Aslanhan had contacts with the Carlstadt, New Jersey area." *Id.* Airde's search also yielded a last-known address of 820 Washington Ave., Carlstadt, NJ 07072, a commercial address. Zoller Cert. at ¶ 5.

After Airde's initial database search in June of 2022 and its first on-the-ground investigation in August and September of 2022, and following the Court's denial of Plaintiff's initial motion for substitute service, Plaintiff again hired Airde in December of 2022 to try to locate

Mr. Aslanhan. Cassubhai Cert. at ¶ 3. Airde retained Vanson Investigations, Inc., a local investigation firm, for this second on-the-ground search, and Plaintiff's renewed motion includes a Certification from David Glubo, a private investigator with Vanson. Dkt. No. 38-3 ("Glubo Cert."). Glubo provides extensive details regarding the fieldwork he conducted, including three visits to Aytek Rugs and four visits to Arsh's Fine Rugs, located at 820 Washington Avenue, Carlstadt, New Jersey, at various times of the day. *Id.* at ¶¶ 5-8. The investigator concluded in his Certification: "Within the 4 hours that I was present at Arsh's Fine Rugs, 820 Washington Avenue in Carlstadt, New Jersey, only 3 men and 2 women were observed, none of whom were Mustafa Aslanhan." *Id.* at ¶ 8. Taking into consideration Plaintiff's initial motion and the instant renewed motion, the Court is satisfied with Plaintiff's thorough efforts to locate and serve Aslanhan, including visits to four different locations on eight separate occasions inclusive of defendant Aytek's headquarters and the commercial address of 820 Washington Ave. that turned up in one of the nationwide databases as Aslanhan's last known address. *See* Dkt. No. 38-1 at 7.

Additionally, Mr. Cassubhai, counsel for Plaintiff, clarified that the mobile telephone number to which he sent via text message a copy of the Complaint, Summons, and Waiver of Service form on October 26, 2022 was identified by the Airde Group as registered to Defendant Aslanhan based on the TLOxp – Transunion and CLEAR – Thomson Reuters ("TLO") search Airde had previously conducted. *Id.* at 5.[2] Further, following the Court's recommendation in its prior Opinion, Plaintiff's counsel sent the Complaint, Summons, and Waiver of Service form via regular first-class mail as well as certified mail to Aslanhan's last known address of 820 Washington Ave. in Carlstadt, New Jersey, on December 22, 2022. *Id.* at ¶¶ 5-6.

---

[2] Mr. Cassubhai attested that as of March 29, 2023, the date of filing the instant renewed motion, Mr. Aslanhan had not responded to the text message. Cassubhai Cert. at ¶ 4.

In light of the foregoing, the Court will allow Plaintiff to effectuate service upon Defendant Aslanhan through publication. The Court is satisfied that Plaintiff has exhausted all reasonable options for personal service on Mr. Aslanhan and that service by publication remains the only option despite its limited chances of reaching Mr. Aslanhan. While Plaintiff may not have taken every conceivable action to effectuate service upon Aslanhan, it is clear to the Court that Plaintiff remedied the deficiencies identified in the Court's prior opinion and attempted to reach Aslanhan in various ways, including in person, via text message, and via mail. The Court finds that these extensive efforts meet the constitutional requirements of due process. *See Modan*, 327 N.J. Super. at 48-49. Accordingly, the Court will permit Plaintiff to effectuate service upon Defendant Aslanhan by placing the notice annexed as Exhibit A to Plaintiff's proposed order in its motion papers once a week for three weeks in the following publications: The Star Ledger (the largest circulated newspaper in New Jersey) and The Record (a newspaper of general circulation within Bergen County where the town of Carlstadt is situated and where Aslanhan is currently located based on best available information). *See* Dkt. No. 38-1 at 7-8; Dkt. No. 38-5, Exh. A (proposed notice).

### B. Extension of Time to Serve

Plaintiff also seeks additional time to serve Aslanhan but "defers to the Court on the appropriate extension period" so long as it is "commensurate with any period covering its request . . . for substitute service." Dkt. No. 38-1 at 10. Pursuant to the Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." However, "if the plaintiff

shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

To determine whether to extend the time to effectuate service, the Court makes a two-step inquiry. *See Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997). First, the Court "determines whether good cause exists for a plaintiff's failure to effect timely service. If good cause exists, the extension must be granted." *Id.* (citations omitted). However, "[i]f good cause does not exist, the district court must consider whether to grant a discretionary extension of time . . . . In determining whether good cause exists, a court's 'primary focus is on the plaintiff's reasons for not complying with the time limit in the first place.'" *Id.* (citations omitted). "The good cause prong requires that 'a plaintiff demonstrate good faith and some reasonable basis for noncompliance with the time specified in the rules.'" *H.D. Smith, LLC*, 2016 WL 3606785, at *3 (D.N.J. July 5, 2016) (citations omitted). "Thus, when determining whether or not good cause exists, the Court should assess, among other things, 'the reasonableness of plaintiff's efforts to serve,' and 'whether the plaintiff moved for an enlargement of time to serve.'" *Id.* (citations omitted).

In this case, the Court finds that good cause exists to enlarge the time to serve Defendant Aslanhan. Plaintiff has already demonstrated due diligence in its attempts to serve Mr. Aslanhan, and has been unable to serve him, not through any fault or lack of effort on Plaintiff's part. In light of these circumstances, Plaintiff has acted reasonably. Accordingly, Plaintiff shall have until **August 15, 2023** to serve Defendant Aslanhan.

### III. CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this **7th** day of **June, 2023**,

**ORDERED** that Plaintiff's Motion for Substitute Service by Publication on Mustafa Aslanhan and an Extension of Time to Effect Service on Aslanhan [Dkt. No. 38] is **GRANTED**; and it is further

**ORDERED** that Plaintiff will be permitted until **August 15, 2023** to effectuate service by publication on Defendant Aslanhan; and it is further

**ORDERED** that Plaintiff shall publish the notice in The Star Ledger once per week, for three consecutive weeks; and it is further

**ORDERED** that Plaintiff shall publish notice in The Record once per week, for three consecutive weeks; and it is further

**ORDERED** that the foregoing shall constitute good and effective service of process in this matter; and it is further

**ORDERED** that Plaintiff will file proof of service, in certification form or otherwise, upon completion of service pursuant to the provisions set forth above, and shall attach the published notices to any such certification.

    s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**