<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ORIENT TURUSTIK MAGAZACILIK SAN VE TIC LTD. STI, <br><br> Plaintiff, <br><br> v. <br><br> AYTEK USA, INC., *et al.*, <br><br> Defendants. | Civil Action No. 22-4864 (SDW) (JBC) <br><br> **OPINION** <br><br> April 27, 2026 |

**WIGENTON**, District Judge.

Before this Court are Plaintiff Orient Turistik Magazacilik San ve Tic Ltd. STI's ("Plaintiff") Motion for Exemplary Damages and Attorney's Fees (D.E. 160) and Motion for Entry of Permanent Injunction (D.E. 162).  Jurisdiction is proper pursuant to 28 U.S.C. § 1331.  Venue is proper pursuant to 28 U.S.C. § 1391.  This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78.  For the reasons stated herein, both Motions are **DENIED**.

## I.     THE EVIDENTIARY RECORD AND PROCEDURAL HISTORY

This case involves claims of trade secret appropriation and unfair competition between Plaintiff, a Turkish carpet business and Defendant Aytek USA, Inc., a competitor company.[1]  In August 2022, Plaintiff brought an eight-count complaint against Defendant to protect its confidential U.S. customer list and preserve its goodwill and reputation.  (*See generally* D.E. 1.)

---

[1] As this case has already been tried by a jury, this Court need not restate the entire factual background and will instead focus on the parts of the evidentiary record relevant to the pending Motions.

In May 2023, this Court granted Plaintiff a preliminary injunction, finding that: (1) the customer list constituted a protectable trade secret under the Defend Trade Secrets Act ("DTSA"); (2) Defendants misappropriated and exploited that list to deceive Plaintiff's customers; and (3) Plaintiff faced irreparable harm from their actions. (*See generally* D.E. 47.) On September 30, 2025, after six days of trial, the jury unanimously concluded that Defendant Aytek USA, Inc. ("Defendant") conspired with co-Defendants Umit Kucukkaraca ("Kucukkaraca") and Mustafa Aslanhan ("Aslanhan") to misappropriate Plaintiff's trade secrets and engage in unfair competition, awarding Plaintiff actual damages in the amount of $1,015,000.00. (*See* D.E. 142.) The jury also found that Defendant's trade secret misappropriation was willful and malicious, and its unfair competition was willful. (*Id.*) Notably, the jury awarded a lump sum for Plaintiff's total asserted damages without allocating specific amounts to each individual claim. (*See id.*) On November 4 and 5, 2025, Plaintiff filed the present Motion for Exemplary Damages and Attorneys' Fees and Motion for Entry of a Permanent Injunction. (*See* D.E. 160-1, 162-1.) Timely briefing ensued on both Motions. (*See* D.E. 168–171.)

## II.    LEGAL STANDARD

### A.  Trade Secret Misappropriation – Damages

Under both the Defend Trade Secrets Act and the New Jersey Trade Secrets Act ("NJTSA"), the court may award exemplary damages up to double the amount of actual damages, as well as reasonable attorneys' fees, when the misappropriation is deemed willful and malicious. 18 U.S.C. § 1836(b)(3)(C); N.J. Stat. Ann. § 56:15-4(b). In this context, the Third Circuit has emphasized that the award of attorneys' fees and punitive damages is purely discretionary. *See Est. of Accurso v. Infra-Red Servs., Inc.*, 805 F. App'x 95, 107 (3d Cir. 2020).

### B.  Unfair Competition – Damages

The Lanham Act governs unfair competition and authorizes courts to increase a jury's damages award by no more than three times the actual damages, when equitable principles demand such an increase. 15 U.S.C. § 1117(a). The enhanced damages must serve a compensatory, not punitive, purpose. *Id.* Therefore, the moving party must provide the court with a "non-punitive rationale for enhancing the award." *Kars 4 Kids Inc. v. Am. Can!*, 8 F.4th 209, 224 (3d Cir. 2021). While a finding of willfulness is central to the enhanced damages analysis, it is not dispositive. *Id.* at 225 n. 22 (citing *SecuraComm Consulting Inc. v. Securacom Inc.*, 166 F.3d 182, 187 (3d Cir. 1999)). Deterrence cannot justify enhanced damages, as it is not a compensatory reason. *See id.*

### C. Permanent Injunction

A plaintiff seeking a permanent injunction must demonstrate: (1) irreparable injury; (2) inadequacy of legal remedies; (3) that the balance of hardships favors equitable relief; (4) that the public interest would not be hindered by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (citing *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311–313 (1982); *Amoco Prod. Co. v. Vill. of Gambell, AK*, 480 U.S. 531, 542 (1987)). Under all relevant statutes in this matter, courts are authorized to issue permanent injunctions. 18 U.S.C. § 1836(b)(3)(A); N.J. Stat. Ann. § 56:15-3; 15 U.S.C. § 1116(a).

### III.    DISCUSSION

In its Motion for Exemplary Damages and Attorney's Fees, Plaintiff seeks to: (1) impose enhanced damages in the amount of $3,045,000, three times the amount of actual damages awarded by the jury; (2) impose reasonable attorneys' fees; and (3) set a deadline for Plaintiff's motion for reasonable fees. (D.E. 160-1 at 33.) Plaintiff argues that the jury's finding of willful and malicious trade secret misappropriation by Defendant, along with aggravating factors such as the duration of

the conduct, Defendant's awareness of the harm caused, efforts to conceal wrongdoing, and significant harm and reputational damage beyond the jury's award, justify the enhanced damages. (*Id.* at 25–30.)  Plaintiff further contends that given the jury's finding of willful unfair competition, this Court should exercise its discretion to compensate for a verdict that fell short, emphasizing that Plaintiff's expert estimated damages at approximately $3.47 million, while the jury awarded only $1,015,000.  (*Id.* at 30–32.)  It argues that the harm caused by Defendant defies calculation, as Plaintiff's confidential customer list was stolen and no longer retains its value.  (*Id.* at 31.)  Lastly, Plaintiff asserts that it is entitled to recover reasonable attorneys' fees due to Defendant's exceptional conduct, which increased litigation costs and prolonged proceedings.  (*Id.* at 32–33.)  In response, Defendant argues that Plaintiff's demand for enhanced damages fails because the jury's award was consolidated and did not allocate specific amounts to the misappropriation and unfair competition claims.  (D.E. 168 at 8–12.)  Defendant further contends that even if the jury had apportioned the damages, this Court should not enhance them under the trade secret statutes or the Lanham Act.  (*Id.* at 12–25.)  Lastly, Defendant argues that Plaintiff is not entitled to attorneys' fees because Defendant's conduct during litigation was not exceptionally unreasonable. (*Id.* at 25–28.)

In its Motion for a Permanent Injunction, Plaintiff argues that all four elements for injunctive relief are met.  (*See generally* D.E. 162-1.)  Plaintiff argues that the true losses involve damage to its reputation and goodwill, in addition to the theft of the confidential client list, resulting in irreparable harm and inadequate legal remedies.  (*Id.* at 7–8.)  Plaintiff contends that a permanent injunction will compel Defendant to comply with the law by ceasing its use of trade secrets and misrepresenting product origins.  (*Id.* at 8.)  Defendant responds that Plaintiff has been fully compensated through monetary damages and that a permanent injunction is impractical, as

Defendant does not have the confidential client list and thus cannot determine if a potential customer is already Plaintiff's customer.  (D.E. 169 at 5–8.)

### A.  Motion for Exemplary Damages and Attorneys' Fees

i.    <u>Enhanced Damages Are Not Appropriate Because the Jury Awarded a Lump Sum</u>

When a jury delivers a verdict without specifying damages for each claim, a court cannot arbitrarily or speculatively allocate the lump sum among the causes of action.  *See Lichter v. Mellon-Stuart Co.*, 305 F.2d 216, 220 (3d Cir. 1962) ("Since the court could find no basis for allocation of this lump sum between those causes which were actionable and those which were not, it was proper to reject the entire claim."); *Chuy v. Philadelphia Eagles Football Club*, 595 F.2d 1265, 1279 n. 19 (3d Cir. 1979) ("[I]t is well accepted that a court will not inquire into the calculation methods employed by the jury during its deliberations."); *Farrington v. Freedom Mortg. Corp.*, No. 20-4432, 2024 WL 2260976, at *2 (D.N.J. May 17, 2024) (declining the defendant's request to "review the jury's damages award and differentiate between general and non-economic losses or injuries on the jury's behalf through speculation.").  Enhanced damages under the DTSA, NJTSA, and Lanham Act must be directly linked to the damages award for the specific violation.  *See* 18 U.S.C. § 1836(b)(3)(C) (". . . award exemplary damages in an amount not more than 2 times *the amount of the damages awarded* under subparagraph (B)"); N.J. Stat. Ann. § 56:15-4(b) (". . . the court may award punitive damages in an amount not exceeding twice *any award made under subsection a. of this section*."); 15 U.S.C. § 1117(a) (". . . court may enter judgment, according to the circumstances of the case, for any sum above *the amount found as actual damages*, not exceeding three times such amount.").

Here, the jury awarded a lump sum of $1,015,000.00 for all three violations, as the Verdict Form did not require a specific allocation for each violation. (*See* D.E. 142.) During the charging conference on September 29, 2025, when this Court inquired if there were any concerns about the Verdict Form, Plaintiff's counsel did not request a breakdown of damages for each violation or raise any issues with the Form. (Trial Tr. Vol. V at 753:24-766:17 (D.E. 152.)) This Court is not permitted to enhance the jury's award according to each statutory framework because the jury did not itemize the damages for each violation. Although Plaintiff correctly notes that the main concern with consolidated damages is duplication rather than consolidation, enhancing the damages requires linking them to specific statutory violations. (D.E. 170 at 7.) Doing so would lead to impermissible speculation about which portion of the jury's award corresponds with which claim. *See Chuy*, 595 F.2d at 1279 n. 19. Thus, enhanced damages under any of the statutory violations are not appropriate in this instance.

ii.    Enhanced Damages Are Not Warranted Under Either the Trade Secret Statutes or Lanham Act

Even if the jury had itemized the award for each statutory violation, this Court declines to exercise its discretion to enhance the damages. Enhanced damages are discretionary and reserved for egregious cases, and while a finding of willfulness is important, it does not alone compel this Court to enhance damages. *Est. of Accurso*, 805 F. App'x 95 at 107; *Kars 4 Kids Inc.*, 8 F.4th 209 at 225. When deciding to impose enhanced damages under the Lanham Act, the Third Circuit considers various equitable factors such as "(1) whether the defendant had the intent to confuse or deceive, (2) whether sales have been diverted, (3) the adequacy of other remedies, (4) any unreasonable delay by the plaintiff in asserting his rights, (5) the public interest in making the misconduct unprofitable, and (6) whether it is a case of palming off." *Banjo Buddies, Inc. v. Renosky*, 399 F.3d 168, 175 (3d Cir. 2005) (quoting *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d

338, 349 (5th Cir. 2002)).  When evaluating enhanced damages under the trade secret statutes, courts in the Third Circuit apply a similarly holistic analysis, emphasizing willfulness and the duration of the misappropriation.  *Advanced Fluid Sys., Inc. v. Huber*, 295 F. Supp. 3d 467, 493 (M.D. Pa. 2018) (awarding exemplary damages for trade secret misappropriation when the misappropriation persisted for nearly a year and the infringer was aware of their wrongdoing); *B & B Microscopes v. Armogida*, 532 F. Supp. 2d 744, 757 (W.D. Pa. 2007) (awarding exemplary damages when the misappropriation occurred over months); *PPG Indus. Inc v. Jiangsu Tie Mao Glass Co. Ltd*, 47 F.4th 156, 159 (3d Cir. 2022) (affirming the district court's decision to award exemplary damages when the misappropriation took place over two years).

Here, enhanced damages are not warranted because although Defendant's conduct was willful, it was not particularly egregious.  First, regarding the trade secret misappropriation, Plaintiff claims a "protracted scheme of uncertain length", but only specifies a period from February to April 2022, which is much shorter than the extended schemes that have justified enhanced damages in other cases. (D.E. 160-1 at 25.)  Additionally, Plaintiff argues that it endured "substantial harm" and relies heavily on its expert, David Solis, who testified to damages exceeding $3 million. (*Id.* at 30.)  However, Plaintiff overlooks that the jury seemingly rejected Mr. Solis's opinion by awarding a lower amount, as the jury is not obligated to accept testimony as fact. (D.E. 168 at 18.)

Second, regarding the Lanham Act violation, Plaintiff is not entitled to enhanced damages because the jury's award fully compensated it.  Since the Lanham Act's enhanced damages provision is compensatory rather than punitive, Plaintiff's failure to specifically demonstrate how

7

the jury's award under-compensates it[2] bars this Court from granting enhanced damages. The equitable factors also weigh against Plaintiff—despite the willful nature of the unfair competition, the damages award is already sufficient, as Plaintiff's expert testified to $553,183 in lost profits, and the jury awarded over a million dollars. (*Id.* at 22.) The Lanham Act expressly provides that when a profits-based damages award is inadequate or excessive, the court may enter a judgment it deems "just." 15 U.S.C. § 1117(a). Moreover, while willfulness was found for all three statutory violations, co-Defendants Kucukkaraca and Aslanhan, who defaulted and were clearly culpable, are also responsible for their share of damages. It would be inequitable for Defendant Aytek to bear the full burden of enhanced damages when other Defendants were significantly involved. Thus, this Court is satisfied that the findings of the jury were sufficient and do not warrant enhancement.

### iii.    Attorneys' Fees are Not Warranted

Under the DTSA and NJTSA, courts have discretion to award attorneys' fees to the prevailing party. N.J. Stat. Ann. § 56:15-6; 18 U.S.C. §1836(b)(3)(D). Under the Lanham Act, attorneys' fees are awarded only in "exceptional cases", such as when there is an "unusual discrepancy" in the merits of the parties' positions or when the losing party has litigated the case in an "unreasonable manner." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 313–315 (3d Cir. 2014) (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)). The general American rule states that each party pays for their own attorneys, but this can be modified if the defendant's conduct is deemed "particularly culpable." *Green v. Fornario*, 486 F.3d 100, 101 (3d Cir. 2007).

---

[2] Plaintiff merely argues that its loss of goodwill and reputation amounts to substantial loss.

8

Here, Plaintiff argues that this case is exceptional and warrants fees due to Defendant's willful conduct and the complexity of the litigation, alleging that Defendant intentionally obstructed discovery, prolonged proceedings, and increased litigation costs. (D.E. 160-1 at 32–33.) However, there is no evidence of an unusual discrepancy between the parties' positions or that Defendant's conduct was unreasonable or particularly culpable. Thus, this Court finds no basis to deviate from the American rule and denies Plaintiff's request for attorneys' fees.

### B. Motion for a Permanent Injunction

A finding of trade secret misappropriation does not compel a finding of irreparable harm. *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 92 (3d Cir. 1992). A trade secret is defined as information that "derives independent economic value, actual or potential. . ." 18 U.S.C. § 1839(3)(B). Injunctive relief should be narrowly tailored, prohibiting only conduct that is closely connected to the specific unlawful acts that gave rise to the injunction and prevent immediate and irreparable injury. *Mallet & Co. Inc. v. Lacayo*, 16 F.4th 364, 389 (3d Cir. 2021) (quoting *Holiday Inns of Am., Inc. v. B & B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969)).

Here, Plaintiff seeks to convert its preliminary injunction into a permanent one, prohibiting Defendant from accessing, using, or disseminating Plaintiff's confidential customer list, contacting those customers, or claiming any affiliation with Plaintiff. (D.E. 162-1 at 5.) Contrary to Plaintiff's assertions, a finding of trade secret misappropriation does not automatically establish irreparable harm. Plaintiff has not met the criteria for a permanent injunction, particularly because Plaintiff has never definitively established that Defendant possessed the customer list. (D.E. 169 at 5–8.) During the initial preliminary injunction stage, Aytek's President, Ayhan Teker, testified that Aytek did not have the list. (*Id.* at 4–5.) At trial, Aytek was found liable under an aiding and

abetting theory with Kucukkaraca and Aslanhan, not for direct misappropriation.  (*Id.* at 5.) Granting a permanent injunction is unworkable because Defendant cannot avoid doing business with customers from a list that it does not have, as it cannot know if a potential customer is already a customer of Plaintiff.  (*Id.* at 7–8.)  Moreover, Plaintiff has admitted the list is "no longer usable" and they ceased using it to "protect its customers from continued deception".  (*Id.* at 8; D.E. 171 at 9.)  Since the list is unusable, a permanent injunction against using a list Defendant claims not to possess does not prevent the "continued exploitation of Orient's customer relationships and perpetuate confusion among consumers." (D.E. 162-1 at 8.)

IV.    **CONCLUSION**

For the reasons stated above, Plaintiff's Motions are **DENIED**.  An appropriate order follows.

/s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:    Parties
        James B. Clark, U.S.M.J.